UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DIANE THAYSE, and<br>BABY THAYSE,<br><br>      Plaintiffs,<br><br>v.<br><br>ALANA FERMOYLE,<br>MORTON GREENBERG,<br>THOMAS JAMES (President),and<br>RAYMOND JAMES FINANCIAL<br>SERVICES, INC.<br><br>      Defendants. | Civil No. 08-892 (JRT/FLN)<br><br><br>**REPORT AND RECOMMENDATION** |

Plaintiff commenced this action on March 28, 2008, by filing a self-styled complaint, and an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) The Court previously examined those submissions and found Plaintiff's complaint to be defective, because it failed to allege sufficient facts to state an actionable claim for relief. The Court also found Plaintiff's IFP application to be incomplete. Because of those deficiencies, the Court entered an order, dated April 2, 2008, which informed Plaintiff that her IFP application would be "denied without prejudice." (Docket No. 3.) The order gave Plaintiff an opportunity to file an amended complaint, and to either (a) file an amended IFP application, or (b) pay the $350 filing fee for this action. Plaintiff was advised that if she did not submit both an amended complaint, and an amended IFP application, (or the $350 filing fee), within thirty (30) days, the Court would recommend that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

The deadline for complying with the Court's prior order has now passed, and Plaintiff has not satisfied the requirements of that order. Although Plaintiff filed an amended IFP application, she still has not filed an amended complaint.[1] Furthermore, Plaintiff has offered no explanation for her failure to file a new complaint as ordered.

The Court's prior order clearly required Plaintiff to file not only an amended IFP application, but also an amended complaint. Because Plaintiff has not filed an amended complaint, she has not complied with the order. Therefore, it is now recommended, in accordance with the Court's prior order, that Plaintiff be deemed to have abandoned this action, and that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, No. 07-1426, (8th Cir. 2008), 2008 WL 540172, (unpublished opinion) at *1 ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: May _9_, 2008                  s/ *Franklin L. Noel*
                                                        FRANKLIN L. NOEL
                                                        United States Magistrate Judge

---

[1] Plaintiff recently submitted an item described as a "florescent ball," and a document entitled "Information Sheet for Temporary Restraining Order and/or Preliminary Injunction." (Docket No. 6.) However, neither of those submissions can be viewed as an amended complaint.

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 29, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.