UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DIANE THAYSE and BABY THAYSE,<br><br>Plaintiffs,<br><br>v.<br><br>ALAN FERMOYLE, MORTON GREENBERG, PRESIDENT THOMAS JAMES, RAYMOND JAMES FINANCIAL SERVICES, INC., and ALL INDIVIDUAL ASSOCIATED AND NOT NAMED,<br><br>Defendants. | Civil No. 08-892 (JRT/FLN)<br><br><br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Diane Thayse, 578D N. Brown Road, Long Lake, MN 55356, plaintiff *pro se*.

Kerry L. Middleton and Reagan W. Oden, **LITTLER MENDELSON, PC**, 80 South Eighth Street, Suite 1300, Minneapolis, MN 55402-2136, for defendants Thomas James and Raymond James Financial Services, Inc.

This case is before the Court on plaintiffs' *pro se* objections to a Report and Recommendation of United States Magistrate Judge Franklin L. Noel dated May 9, 2008, which recommended that this action be dismissed without prejudice. The Court has conducted a *de novo* review of plaintiffs' objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons given below, the Court adopts the Report and Recommendation and dismisses this action without prejudice.

On March 28, 2008, plaintiffs filed a *pro se* complaint and motion for leave to proceed *in forma pauperis* ("IFP"). Plaintiffs' complaint contained vague and largely

incomprehensible allegations.  For example, plaintiff Diane Thayse alleged that defendants caused her to become crippled and also caused unspecified harm to plaintiff Baby Thayse.  Plaintiffs also made vague allegations of criminal activity, and alleged that defendants took and misused unspecified, confidential client information.  In an order dated April 2, 2008, the Magistrate Judge determined that the complaint lacked a cognizable factual or legal basis sufficient to state a claim.  The Magistrate Judge further found that plaintiffs' application to proceed IFP was defective because it provided no financial information that would allow a determination of indigence, and ordered that the application be denied without prejudice.[1]  The Magistrate Judge ordered plaintiffs to file an amended complaint and an amended IFP application within 30 days, and warned that the action would be dismissed if plaintiffs failed to take such action.  The Magistrate Judge described in detail the pleading requirements under the federal rules, and instructed plaintiffs as to the specific information that should be provided in the complaint to state a valid claim.

   Plaintiffs did not file an amended complaint within 30 days of the Magistrate Judge's order, nor did they seek an extension of that filing deadline or otherwise explain their failure to comply with the order.  Accordingly, on May 9, 2008, the Magistrate Judge issued a Report and Recommendation recommending that this Court dismiss the action without prejudice for abandonment of the claim under Rule 41(b) of the Federal Rules of Civil Procedure.

---

[1] Plaintiffs did not object to the Magistrate Judge's order as to their IFP application.

Plaintiffs filed objections to the Report and Recommendation on June 3, 2008.[2] Plaintiffs' one-sentence objection states merely that the Magistrate Judge's recommendation is discriminatory.  The Court agrees with the Magistrate Judge that this action should be dismissed without prejudice.  Although a court must view *pro se* pleadings liberally, a complaint must contain facts that, if true, state a legal claim upon which relief can be granted.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Based on an independent review of the pleadings, the Court finds that plaintiffs have failed to allege a cognizable factual or legal basis sufficient to state a claim.

Further, this Court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute a claim or to comply with the Federal Rules of Civil Procedure or an order of the court.  *See Henderson v. Renaissance Grand Hotel*, 267 Fed. Appx. 496, 497 (8th Cir. 2008).  Here, the Magistrate Judge gave plaintiffs 30 days to amend the complaint and to file an amended application to proceed IFP.  The Magistrate Judge instructed plaintiffs on the specific information that should be provided in the amended complaint to state a valid claim, and warned plaintiffs that failure to comply with the order would result in dismissal.  Despite this directive, plaintiffs have not filed an amended complaint and have thus failed to cure a fundamental pleading deficiency in this action.  Nor have plaintiffs provided any explanation for this failure either in their objections to the Report and Recommendation or in other filings with the Court.  Under

---

[2] Plaintiffs also filed a motion to appoint counsel and a motion for a temporary restraining order.  Plaintiffs' motions set forth no additional factual allegations – indeed, no allegations at all – in support of the initial complaint, and cannot themselves be construed as an amended complaint.

these circumstances, the Court agrees with the Magistrate Judge that this action should be dismissed without prejudice pursuant to Rule 41(b).[3]

Finally, the Court notes that, by dismissing plaintiffs' action *without prejudice* under Rule 41(b), plaintiffs will not be barred from returning to court at a later time and asserting the same underlying claims alleged in this action. *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001); *Jamal v. Chertoff*, No. 06-4932, 2007 WL 2509765, at *1 (D. Minn. Aug. 30, 2007). As noted above, however, plaintiffs' complaint must allege facts that, if true, state a legal claim upon which relief can be granted.

### ORDER

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 8] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated May 9, 2008 [Docket No. 7]. **IT IS HEREBY ORDERED** that:

1. This action is **DISMISSED without prejudice.**

**IT IS FURTHER HEREBY ORDERED** that:

2. Plaintiffs' motions to appoint counsel and for temporary restraining order [Docket Nos. 9, 10] are **DENIED**.

3. Defendants' Joint Motion to Dismiss and Compel Arbitration [Docket No. 13] is **DENIED as moot**.

---

[3] The Court further denies plaintiffs' recently filed motion to appoint counsel based on plaintiffs' failure to state a claim upon which relief may be granted. *See Edgington v. Mo. Dep't of Corrs.*, 52 F.3d 777, 780 (8th Cir. 1995).

The Clerk of Court is respectfully **DIRECTED** to mail a copy of this Order to plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 29, 2008　　　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　United States District Judge